UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

                                            Chapter 7

    Nicodemus Joshua Miller and               Case No. 1-19-47801-nhl
    Kim Demetro

                     Debtor.
-------------------------------------------------------------X

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

      **PLEASE TAKE NOTICE**, that a hearing on the annexed Motion for relief from automatic stay pursuant to *11 U.S.C. § 362(d)* filed by Michael Mesheriakov will take place before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge for the Eastern District of New York – Brooklyn Division, 271-C Cadman Plaza East, Brooklyn, New York, Courtroom 3577 on **April 1, 2020 at 3:00 P.M.** (New York Time) or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

      **PLEASE TAKE FURTHER NOTICE** that if no objections are filed by the Objection deadline, the Court may enter an order approving the Motion without a hearing.

Dated: Brooklyn, New York         */s/ Alla Kachan*
       February 12, 2020         Alla Kachan Esq.
                                   Law Offices of Alla Kachan, P.C.
                                   3099 Coney Island Avenue, 3rd Fl.
                                   Brooklyn, New York 11235
                                   Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

        Nicodemus Joshua Miller and
        Kim Demetro

                       Debtors.
-------------------------------------------------------------X

Chapter 7
Case No. 1-19-47801-nhl

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## REGARDING THE REAL PROPERTY

      Michael Mesheriakov (the "Movant") by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(2) for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. The Debtors Nicodemus Joshua Miller and Kim Demetro filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on December 31, 2019 (the "Petition Date"). *See ECF Doc. No. 1.*

2. Jurisdiction of this matter is conferred on this Court by the provisions of 28 U.S.C. §§157 and 1334(a). This matter is a core proceeding under 28 U.S.C. §157(b)(2)(G). Venue of the Debtor's bankruptcy case and this motion is proper in this District and before this Court under 28 U.S.C. §§1408 and 1409.

3. The Movant, at all times relevant hereto, is and was the owner and landlord of the property known as and located at 848 Edgegrove Avenue, Staten Island, NY, 10309 (property). A residential deed attached herein as Exhibit A.

4. The Debtors occupy the Property pursuant to the written residential lease agreement dated August 4, 2018. The Debtors' rent under the Lease is $4,400.00 per month, due on the first of each month. The lease agreement attached hereto as Exhibit B.

5. Upon information and belief, the Debtors did not pay the rent for a use and occupancy of the said property for a period started from the June 2019, therefore the Movant filed a Petition non-payment dwelling at Civil Court of the City of New York, County of

Richmond on August 14, 2019. The Petition non-payment dwelling attached herein as Exhibit C.

6. The residential non-payment proceeding was resolved in Court by "So-Ordered" Stipulation of Settlement dated October 21, 2019. The Stipulation of Settlement attached herein as Exhibit D

7. The said Stipulation provided Mr. Mesheriakov with a Judgment possession and Warrant of Eviction against the Respondents, and the Respondents acknowledged therein that they were justly indebted to Mr. Mesheriakov in the sum of $21,500.00 (hereinafter the "Arrears"). The Stipulation further provided for a stay of execution of the Warrant of Eviction, conditioned upon Respondents' complying with the following terms: 1) Respondents were to pay the sum of $550.00, plus current rent in the sum of $4,450.00 per month, by the first day of each month, commencing on November 1, 2019 and continuing until July 1, 2021; and 2) Respondents were to pay the sum of $9,950.00, plus August 2021 rent, on or before August 1, 2021.

8. Almost immediately, the Respondents breached the Stipulation of Settlement. Based upon Respondents' said breach, Mr. Mesheriakov retained a New York City Marshal to execute the Warrant of Eviction, with an eviction having been scheduled for January 3, 2020.

9. Thereafter, on December 31, 2019, the Debtors filed a Chapter 7 Bankruptcy petition to avoid liability and eviction and to discharge their rental arrears.

10. Upon the filing of a bankruptcy petition, an automatic stay is entered pursuant to section § 362(a) of the Code preventing creditors from taking action against the debtor or property of the estate. However, §362(b)(22) of the code provides an exemption from the automatic stay for:

> the continuation of any eviction, unlawful detainer action or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement, and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11. Thus, when a judgment for possession of residential real property has been granted pre-petition, the automatic stay applies thirty (30) days after filing,

subject to section 362(1), which requires the debtor to perform certain obligations, which are intended to safeguard an owner, in order for the stay to continue.

12. During the thirty (30) days, the debtor must cure the default of rent in full. If not cured in full within thirty (30) days, the stay exception applies automatically, unless otherwise ordered by the Court. Furthermore, the Debtor must also fill out the Statement About Payment of an Eviction Judgement Against him (Official Form 101B), file it with the Bankruptcy Court, and serve the landlord a copy of it before the 30-day period ends.

13. In instant case, the Debtors deposited only one-month's rent in the amount of $4,450.00 with the clerk of the court and did not file and serve the required statement. No payment for the of February was deposited with the Court.

14. Notwithstanding that Owner obtained a pre-petition Judgment of possession, Debtor continues to reside in the Premises.

15. As stated above, the issue here is that Debtor has no right under state law to continue in occupancy of the Movant's property. Movant seeks stay relief so that it may exercise its state law rights to remove Debtor from its property pursuant to the State Court issued Judgment and Warrant.

16. As demonstrated above, the Debtors, although remains in occupancy of the Property, has no legal state law right to such occupancy. Debtors' rights to occupy the Premises were terminated pursuant to state law, prior to the Debtor filing of the Bakruuptcy Petition and the Judgment confirmed that Debtor's entitlement to continued possession had been terminated.

17. In *In Re: Liggett,* 118 B.R. 213, 218 (Bankr. S.D.N.Y. 1990), the Bankruptcy Court for the Southern District of New York explained:

> Even if bare occupancy were deemed to be an equitable interest in the ... Property, and thus property within the meaning of Code
> §541, it would not assist the Debtor because that interest is so tenuous as to represent merely a scintilla of an interest insufficient to warrant the continued protection of the automatic stay. The bankruptcy courts are consistent in holding that where a lease has been terminated, either by its own terms, by reason of default, or by judicial determination, prior to the filing of the petition, there is no

> further property interest of the debtor in the premises other than a de facto or technical possessory right, which is insufficient to warrant the continue protection of the automatic stay. [Citations omitted.] Any scintilla of an interest the Debtor may have at the filing date because the Possession Order has not yet been executed on is insufficient to warrant continued protection under the automatic stay. (Emphasis Added).

*In Re Liggett, supra,* at 218; *see, also, In Re: GSVC Restaurant Corp.,* 3 B.R. 491, 494 (Bankr. S.D.N.Y. 1980), *affd,* 10 B.R. 300 (S.D.N.Y. 1980).

28.    The Second Circuit in *Sonnax Industries, Inc.* v. *Tri Component Products Corp. (In re Sonnax Industries , Inc.),* 907 F.2d 1280, 1286-1288 (2d Cir. 1990) established the following factors, known as the *Sonnax* Factors, to assist a court in ascertaining whether relief from the automatic stay is appropriate to allow litigation to proceed in another forum:

(1) whether a specialized tribunal with the expertise has been established to hear and adjudicate the dispute;

(2) whether the other matter lacks any connection with or would interfere with the proceedings in the bankruptcy case,

(3) whether lifting the stay would result in partial or complete resolution of the issues,

(4) whether the interests of judicial economy and expeditious and economical resolution of the litigation would be advanced by the referral,

(5) whether the debtor's insurer has assumed full responsibility for defending the suit,

(6) whether the action primarily involves third parties,

(7) whether litigation in another forum would prejudice the interests of other creditors,

(8) whether the judgment or claim arising from the other action is subject to equitable subordination,

(9) whether movant' s success in the other proceeding would result in a judicial lien avoidable by the debtor,

(10) impact of the stay on the parties and the balance of harms,

(11) whether the other proceeding involves debtor as a fiduciary, and

(12) whether the parties are ready for trial in the other proceeding.

*Id at* 1286-1288; *see also, In re MartketXT Holdings Corp.,* 2009 WL 2957809 (Bankr. S.D.N.Y. 2009).

18. It is well established that not all of the *Sonnax* Factors are relevant to each case and that the court need not assign equal weight to each factor. *See, In re Containership Co. (FCC) AIS,* 466 B.R. 219 (2012).

19. Here, *Sonnax* Factors 1, 2, 3, 4, 7, 8 and 10 weigh in favor of granting Movant's motion in its entirety. There can be no question that the State Court has jurisdiction and expertise to handle the State Court Action and to enforce a duly issued and entered judgment.

20. The State Court was established pursuant to Art. 110 of the Civil Court Act, specifically to hear landlord/tenant disputes. Thus, not only does the State Court have the necessary expertise to determine the issue of possession of the property, but it is a court specifically created to hear and adjudicate such disputes. In addition, landlord/tenant disputes are summary proceedings with expedited rules of practice set forth in the Real Property Actions and Proceeding Law. Being that the State Court is the only forum than can award complete relief to all parties *(see e.g., In re NY. Med. Group, P.C.,* 265 B.R. 408 [Bankr. S.D.N.Y. 2001]), coupled with the streamlined procedures applied in such proceedings, stay relief would promote judicial economy.

21. Additionally, granting Movant relief and lifting the automatic stay would not interfere with this Chapter 7 proceeding, in that the Lease's termination removes the Lease and the occupancy rights granted by the Lease from Debtor's bankruptcy estate. There is no lease for Debtor to assume or reject. *See, Couture v. Burlington Housing Authority (In re Couture),* 225 B.B. 58 (D. Vt. 1998); *In re Bacon,* 212 B.R. 66 (Bankr. E.D. Pa. 1997); *B.N Realty Assocs. v. Lichtenstein,* 238 B.R. 249 (S.D.N.Y 1999).

22. In fact, the State Court Action fully resolved the issues between Debtor and Owner. The interests of any other creditors would not be affected by Owner's enforcement of its state law rights and remedies. *See, In re Henderson*, 245 B.R. 449, 455 (Bankr. S.D.N.Y. 2000) ("the eviction proceeding will not interfere with the administration and ultimate closing of the bankruptcy case, or prejudice debtor's creditors; in truth, it is a private dispute between the debtor and the landlord, and the outcome does not affect the bankruptcy case.")

23. Furthermore, being that the State Court Action did not create a lien, such actions would not result in a lien that is avoidable in Debtor's bankruptcy case nor is the judgment of possession entered in State Court be subject to equitable subordination.

24. Finally, the "impact" and "balance of harm" test as set forth in the tenth *Sonnax* factor above, weighs heavily in Owner's favor. Owner continues to be harmed by incurring substantial expenses without timely receiving all rental and/or use and occupancy payments to offset those expenses. Debtor, on the other hand, continues to occupy Owner's property, without Owner's consent or permission, without payment, notwithstanding that he has no legal basis to do so.

25. Therefore, it is incumbent upon this Court to grant Movant's motion to lift from automatic stay pursuant to 11 U.S.C. § 3629(d) and allow the Movant/Owner to pursue its state law remedies with respect to the Property.

26. Moreover, 11 U.S.C § 362(d)(l) provides that the court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property... "

27. It is well established that Debtors maintain the burden of proving that the interest of the owner to the property is question is being adequate protected. *In Re: Domestic Fuel Corp.*, 70 B.R. 455, 463 (Bankr. S.D.N.Y. 1987); see also, 11 U.S.C. §362(g).

28. Here, the Debtors' failure to make full and timely payments as they become due demonstrates that Owner's interest in the property is indeed not being adequately protected.

29. Thus, the Movant continues to be harmed by incurring substantial expenses without

receiving all rental and/r use and occupancy payments to offset those expenses.

30. Therefore, it is incumbent upon this Court to grant Movant's motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(l) and allow Movant to pursue its state law remedies with respect to the Premises.

31. Finally, the instant bankruptcy petition is the fourth (4) bankruptcy filed by the Debtor since October 10, 2003. According to the Court docket the first bankruptcy case 03-24160-jf was dismissed on 03/18/2004, the second bankruptcy case was dismissed on 03/25/2016 and the third bankruptcy case was dismissed on 10/14/2016.   Therefore, the periodic repeated bankruptcy filings evidence that the present bankruptcy case was filed in bad faith, with intent to delay or frustrate the legitimate efforts of the Movant, to enforce his rights. *11 U.S.C § 362(d)(4).*

32. For the above stated facts and reasons, the Court should grant the motion of Michael Mesheriakov for relief of automatic stay and afford Movant the opportunity to pursue its rights and remedies under the applicable laws.

33. No previous application has been made for the relief request herein.

**WHEREFORE**, the Movant respectfully requests and prays this Honorable Court enter an order lifting the automatic stay under 11 U.S.C. § 362(d)(1) to permit the Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, and for any such further relief as this Honorable Court deems just and appropriate.

Dated: Brooklyn, New York
      February 12, 2019

*/s/ Alla Kachan*
Alla Kachan Esq
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Fl.
Brooklyn, New York 11235
Tel.: (718) 513-3145

**EXHIBIT A**



Office of the
Richmond County Clerk
130  Stuyvesant Place
Staten Island, NY 10301

Hon. Stephen J. Fiala, County Clerk



ACS-000000000161316-000000000211574-004

| Recording and Endorsement Cover Page | | |
|---|---|---|
| Document Id:  00000000211574    Document Date: 07/19/2007    Preparation Date:  10/05/2007 | | |
| Document Type:      DEED RESIDENTIAL | | |
| Document Page Count:   00004 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| JEWETT ABSTRACT CORP.<br>706 FOREST AVENUE<br><br>STATEN ISLAND NY, 10310 | RANDY GOLDFARB, ESQ.<br>1267 FOREST AVENUE<br><br>STATEN ISLAND NY, 10302 |

| PROPERTY DATA   # OF BLOCKS    1    # OF LOTS    1 | | | |
|---|---|---|---|
| Block    Lot | Unit | Address | |
| 6873    68   Entire Lot | | 848 EDGEGROVE AVENUE | |
| Property Type:    Dwelling Only - 2 or 3 Family | | | |

| PARTIES | |
|---|---|
| GRANTOR | GRANTEE |
| ANTHONY TRETOLA<br>25-24 146TH STREET<br><br>FLUSHING NY, 11354 | MICHAEL MESHERIAKOV<br>440 PHILIP AVENUE<br><br>STATEN ISLAND NY, 10312<br><br>"And Others" |

| SUPPORTING DOCUMENTS |
|---|
| RPT<br>TP-584<br>RP5217 NYC(1 Original & 1 Copy with Document)<br>SMOKE AFFIDAVIT<br>HOUSING AFFIDAVIT |

| RETT Cons: | $967,337.50  RPT Cons: | $967,337.50 |
|---|---|---|

PAYMENT DETAIL
Make Checks Payable to:
================================================================
Richmond County Clerk:                      118.00 Recording Fees
Richmond County Clerk:                    3,870.00 RETT
Commissioner of Finance:                 13,784.56 RPT          **FEES PAID**
                                     --------------------
Total Payments For This Document:        17,772.56
================================================================

EXAM ⟨signature⟩  DATE ⟨handwritten⟩

RECORDED IN RICHMOND COUNTY
OCT 1 6 2007
⟨signature⟩
COUNTY CLERK

LAND  DOC#  222817
23R-DEEDS
RETT: 2003   $3,870.00
RPT: 2003   $13,784.56
10/16/2007   03:06:43 P.M.
RECEIPT: 62172  FEE: $118.00
RICHMOND COUNTY CLERK

**EXHIBIT B**

August 4th, 2018

# Agreement for Rental of 848 Edgegrove Ave, Staten Island, NY 10309

We, Nick and Kim, as tenants agree to rent the above premises for a monthly rent of $4,400.00 effective September 1st 2018. ~~Tenants will pay the amount of $2,400.00 as a security deposit upon signing of this agreement.~~ The amount of $8,800.00 which will be paid on September 1, 2018 covers first month rent and last month rent. The agreement is set to expire in 3 years on August 31st 2021. Monthly payment is due on the first of each month. For the duration of the agreement, during each anniversary the rent will increase by $50 monthly.

Tenants also understand that all window treatments, chandeliers, lightning features, paintings are the property of the landlord.

Tenants agree that they have rented these premises in excellent condition, that are responsible to keep the premises in the same condition; that no smoking is allowed inside the house; that no car washing is allowed; that no animals is allowed; that windows must be always closed when not at home. Landlord gives full permission to tenants to paint the premises (labor and material are at expenses of tenants).

Tenants are responsible to notify landlord in writing at least thirty (30) days prior to moving date and no later than the first of the month preceding the moving date. Tenants will remove snow and ice from steps, walkways, driveway, and entire sidewalk in a timely manner. Tenants are responsible for maintenance of grass, landscaping, yard, alarm system, garage door opener, washer, dryers and refrigerator. Landlord is responsible for the maintenance of range, hood, oven, fireplace, plumbing, electrical, heating, central air, boiler, and water heater.

Michael Mesheriakov, Landlord _____

Nickodemus Miller , Tenant _____

Page 2
August 4th 2018

**Agreement for rental of 848 Edgegrove avenue, Staten Island, New York, 10309**

Tenants understand that during the winter thermostats must be set at minimum of 70 degrees at all times to avoid freezing of pipes. Also, during the summer months, thermostat must be set no lower that 70 degrees to avoid freezing of the compressors. Tenants are responsible to keep the carbon monoxide detectors and smoke detectors plugged in and in working order at all times.  Tenants are responsible to purchase Renter's insurance policy effective September 1, 2018 and to keep it in force at all times and to name Michael Mesheriakov as the insured property owners.

Tenants will reimburse Landlord 75% of the quarterly NYC water/sewer  bill amount. Tenants are responsible for the national grid account and for the Con Edison Account.

Landlord commits to improve the backyard arrangement, by fixing water collection under the deck, installation of fencing, creating a pocket for garbage pails, and laying down artificial grass in the front area of the backyard.

Security deposit will be returned upon the following:
1. Satisfactory inspection of the premises by landlord
2. Return of keys
3. Minimum thirty (30) days moving notice in writing and no later than the first of the month preceding moving date
4. Permission to show apartment to potential  tenants and or potential buyers.

**Tenants are responsible for any NYC sanitation tickets for failure to obey its rules**

Michael Mesheriakov, Landlord _____

Nickodemus Miller , Tenant _____

**EXHIBIT C**

Case 1-19-4/801-nhl   Doc 30   Filed 02/12/20   Entered 02/12/20 13:22:35

® T 206D—Original Petition, Non-Payment, Dwelling, Civil Court. 10 pt type, 1-95 ◊
Prepare 1 original. Use corresponding side of B206DC for carbon copies

©1986 by Blumberg Excelsior, Inc., Publisher
www.blumberg.com

CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF *RICHMOND*   Index No.

Michael Mesheriakov   Petitioner (Landlord)
Nicodemus Joshua Miller   Respondent (Tenant)
848 Edgegrove Ave Staten Island NY 10309—Front Door   Address
kim Demetro, John Doe aka Frank, Jane Doe   Respondent (Undertenant)
First name of Tenant and/or Undertenant being fictitious and unknown to petitioner,
Person intended being in possession of the premises herein described*

L & T 05139L

**PETITION**
Non Payment Dwelling

THE PETITION OF *Michael Meshereakov*   owner and landlord of the premises shows that:
of the Petitioner ~~a domestic corporation.~~

1. The undersigned is *Michael Mesheriakov*

2. Respondent *Nicodemus Joshua Miller* is tenant of the premises, entered into possession under written rental agreement made on or about *September 1st 2018* between respondent and landlord (landlord's predecessor), wherein respondent promised to pay to landlord as rent $ *4,400* each month in advance on the *1st* day of each month.
Respondent *kim Demetro, John Doe aka Frank, Jane Doe* is undertenant of the aforementioned respondent tenant.

3. The premises are described as follows: *ALL Rooms—furnished, with window treadments & light fixtures*
*848 Edgegrove Staten Island NY 10309— Front Door*
which is situated within the territorial jurisdiction of the Civil Court of the City of New York, County of *Richmond.*

4. Pursuant to said agreement there was due to landlord from respondent tenant rent as follows:
*October '18* $ *700*   *July '19* $ *4400*
*June '19* $ *3100*   *August '19* *4400*
Respondent tenant has defaulted in the payments thereof and the total rent in arrears is $ *12,600*

5. Rent has been demanded personally *by 14-Day written Demand* from the tenant since the same became due.

6. Respondents hold over and continue in possession of premises without landlord's permission after said default.

7. *This is a two-family house Not subject to Rent Stabilization or Rent Control*

8. ☑ The premises are not a multiple dwelling. ☐ The premises are a multiple dwelling and pursuant to the Administrative Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.
Mult. Dwell. Regis. No.   Registered Managing Agent's Name   Address (either) ☐ Residence ☐ Business   Tel. (opt.) To call for repair & service

9. That the property herein sought to be recovered is the residence of the tenant and undertenant's herein.
Petitioner requests final judgment: awarding possession of the premises to the petitioner-landlord; issuance of a warrant to remove respondents from possession thereof; judgment for rent in arrears against respondent tenant for $ *12,600* with interest from *October 2018* ; costs and disbursements herein.

Dated: *8/14/19*   *Michael Mesheriakov* Petitioner   *Michael Mesheriakov*
Print or type name

STATE OF NEW YORK, COUNTY OF *RICHMOND* ss.: The undersigned**
☒ petitioner ☐ attorney for petitioner (petitioner is not within the county in which deponent's office is located)
☐ agent for petitioner ☐ of petitioner (petitioner is a corporation)
being duly sworn states that deponent has read *heard* the petition,
☐ the contents of the petition are true to deponents own knowledge except as to those matters which are alleged on information and belief. As to them deponent believes them to be true. ☐ the material allegations are within the personal knowledge of deponent
☐ the information stated above is from the books and records of the petitioner

Sworn to before me on *14th* day of August 2019

*L. Colon*
LIANA COLON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CO6386763
Qualified In Kings County
Commission Expires 01-28-2023

Print name beneath signature.
Petitioner's attorney
P.O. Address

*Michael Mesheriakov*
MICHAEL MESHERIAKOV
440 PHILIP AVE
SI, NY 10312

Notary Public   See reverse side.
** Strike out if inapplicable

**EXHIBIT D**

# CIVIL COURT OF THE CITY OF NEW YORK

County of Richmond

Date 10/21/19      Part Y

Index No. L&T: 5-1994/19

Page 1 of 1

Hon. Slade

Michael Mesheriakov

against

*Petitioner(s),*

Nicodemus Joshua Miller

Kim Demetrov

*Respondent(s)*

John Doe

## STIPULATION OF SETTLEMENT

*The parties understand that each party has the right to a trial, the right to see a Judge at any time and the right not to enter into a stipulation of settlement. However, after review of all the issues, the parties agree that they do not want to go to trial and instead agree to the following stipulation in settlement of the issues in this matter.*

SO ORDERED
WESLEY S. SLADE
Added / Amended
KIM DEMETROV
Deleted
JUDGE HOUSING COURT

| Party (please print) | | Appearance | No Appearance | No Answer |
|---|---|---|---|---|
| Petitioner | Michael Mesheriakov | / | | |
| Respondent 1 | Nicodemus Joshua Miller | / | | |
| Respondent 2 | Kim Demetrov | / | | |
| Respondent 3 | John Doe / Jane Doe | / | | |

(1) Respondent consents to the jurisdiction of this court.

(2) Final judgment is entered in favor of Petitioner in the amount of $21,500.00 representing all rent due and owing through 10/31/19. Issuance of the warrant shall be forthwith. Execution of the warrant shall be stayed as follows for Respondent to pay $21,500.00:   $11,550.00

   a) $550 plus current rent by the 1st of each month commencing 11/1/19 to 7/1/21; and

   b) $9,950 by 8/1/21 plus August's rent.

(3) Upon default, warrant shall execute upon service of Marshal's notice.

(4) Earliest execution date shall be 11/2/19.

(5) Payments made shall first be applied to current rent and then arrears.

(6) Respondent represents that no occupants are in the military or depend upon anyone in the military.

Petitioner

Michael Mesheriakov

Respondent

Nicodemus Joshua Miller